Shauck, C. J.
We do not find in the briefs of counsel for Mrs. Ashbrook any claim that the system of drainage adopted by the city enlarged the area which drained into this natural water course. That view of its liability has not appeared in the case since the filing of the amended petition. Nor does it appear to be the view of counsel that the city is liable for the increased flowage of water resulting from the improvement of property within the area of natural drainage. That a municipality is not liable on that account is settled in Springfield v. Spence, 39 Ohio St., 665. Nor could it be maintained upon the evidence in this case that the levees were insufficient to *517 confine the water which actually came from the area of natural drainage. The liability of the city is to be determined in view of the fact, which no evidence in the case obscures, that if at the time of this occurrence the site of Hamilton had been a wilderness, the land now owned by Mrs. Ashbrook would have been covered by water to the same depth. There being no evidence to show that the city caused the water to flow upon her land, we have to inquire whether it is liable for permitting it to flow there.
We do not infer from the charge that such a liability was supposed to result from the erection of levees in 1868 upon the execution of the instrument of that date. That instrument was but a license, and what the city did in the construction of the levees was its execution. No consideration passed from the signers of the instrument, nor did it contain terms binding the city to the construction of levees of sufficient strength to exclude back-water from the river, nor to maintain such levees as it might construct. That it was not intended to impose an obligation upon the city is to be inferred from the fact that it did not execute it. What the city then did indicated the extent to which those then in charge of its affairs thought that public money might properly be used for the protection of its streets and of the neighboring lands from inundation. If they had authority to create a future liability in that regard, and thus to forestall the judgment of their successors upon that question, it is quite clear that they did not attempt to exercise it. The liability of the city was not greater after than before the execution of the license of 1868. The trial judge may have been justified in refusing to instruct that the city was not liable except upon an agreement, since there was no evidence of any agreement affecting the subject of the action.
*518 When in the portion of the charge quoted in the statement of the case, and in other portions of it, the trial judge called Crawford’s Run “a drain” he invited himself to the commission of error. And in that, and other portions of the charge, the jury was authorized to draw an inference unfavorable to the city if it used the waterway. It did not, according to any evidence in the case, use it otherwise than as a means of escape for the surface water which flowed into it from the natural inclination of the ground. Such use by cities of streams which flow through or by them is universal and inevitable. It is inevitable because of the persistent tendency of water to seek a lower level. We look vainly for the foundation of such a liability as is contemplated in the instructions given. A city may be held in damages for failure to perform its contracts, for wrongs which it perpetrates and for omissions of duties imposed upon it by law. Here was neither contract nor wrong. What imposed duty was omitted? None is called to our attention. To justify this recovery, the omission would necessarily be of a municipal duty imposed upon the city to exercise the power of taxation for the private purpose of giving low-lying lands which are subject to overflow a value equal to that of those more favorably situated. No statute imposes such a duty. The case does not require us to say that no such duty could be imposed. Levees are public works. The authority to acquire sites for them is conferred by Section 2232 of the Revised Statutes; and that to levy taxes for their construction by Section 2683. The terms of the statutes impose no duty. They are mere grants of authority which may be exercised or not according to the discretion of the proper municipal authorities in view of the public considerations by which its exercise might be af *519 fected. Since it was not the duty of the city to make any provision to protect these lands from overflow by the waters of the river it is plain that it is not liable on account of the inadequacy of the provisions which it saw flt to make. The instruction which would most certainly have led to the right verdict does not appear to have been requested. The jury should have been directed to return a verdict in favor of the city.

Judgments of the circuit and common pleas courts reversed.